IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-03167-DME-MJW

GARY WILLIAMS, and
PEGGY WILLIAMS,

Plaintiffs,

v.

CITIBANK N.A.,
CHASE HOME FINANCE, LLC, and
JOHN DOES 1-10,

Defendants.

---

## ORDER REGARDING
## DEFENDANT CITIBANK, NATIONAL ASSOCIATION'S MOTION TO QUASH SERVICE (DOCKET NO. 9)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant Citibank, National Association's Motion to Quash Service (docket no. 9). The court has reviewed the subject motion (docket no. 9) and the response (docket 11) thereto. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following finding of fact, conclusions of law, and Order.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.   That I have jurisdiction over the subject matter;

2

2. That venue is proper in the state and district of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That to effectuate service of process on an entity such as Defendant Citibank, a plaintiff "must" serve the summons and complaint "according to state law or by delivering a copy . . . to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process. . . ." Savard v. JP Morgan Chase Bank, N.A., Case No. 09-cv-02108-WDM-MJW, 2010 WL 2802543, *2 (D. Colo. July 14, 2010)(quoting Fed. R. Civ. P. 4(h)(1)); and

5. That in this case, the facts show that the Pro Se Plaintiffs did not "deliver" a copy of the summons and complaint to any "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for Defendant Citibank. See Fed. R. Civ. P. 4(h)(1). Instead, the Pro Se Plaintiffs mailed the summons and complaint to Defendant Citibank South Dakota. The Pro Se Plaintiffs have failed to comply with Fed. R. Civ. P. 4(h)(1) and have also failed to comply with Fed. R. Civ. P. 4(b). Accordingly, the Pro Se Plaintiffs' attempt to serve Defendant Citibank by mail is defective and should be quashed.

**ORDER**

**WHEREFORE**, based upon these finding of fact and conclusion of law this court

3

**ORDERS**:

1. That Defendant Citibank, National Association's Motion to Quash Service (docket no. 9) is **GRANTED**. Service of process is QUASHED on Defendant Citibank, N.A.;

2. That the Pro Se Plaintiffs shall properly serve Defendant Citibank, N.A., consistent with Fed. R. Civ. P. 4 immediately and file written proof of service with this court or show cause why this case should not be dismissed for lack of service of process;

3. That a Rule 16 Scheduling Conference and Show Cause Hearing on Service of Process on Defendant Citibank, N.A., is set before Magistrate Judge Watanabe on March 18, 2011, at 9:30 a.m., in Courtroom A-502, Alfred A. Arraj United States District Court, 901 19th Street, Denver CO 80294. See, read and comply with this court's separate Order Setting Scheduling/Planning Conference;

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 27th day of January 2011.

                                  BY THE COURT

                                  <u>s/Michael J. Watanabe</u>
                                  MICHAEL J. WATANABE
                                  U.S. MAGISTRATE JUDGE